UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 3:20-cr-00009-MMD-CLB-1 |
| v. | ORDER |
| WILLIAM PHILLIP NEIDINGER, | |
| Defendant. | |

## I. SUMMARY

Defendant William Phillip Neidinger[1] has been charged with one count of knowingly submitting false information in an application for a passport, in violation of 18 U.S.C. § 1542. (ECF No. 1.) Neidinger submitted a single filing containing seven motions to dismiss the indictment: three that object to the Court's jurisdiction and four alleging defects in his indictment. (ECF No. 25.) He also filed four requests for subpoenas and one request for disclosure of financial information pertaining to documents the Clerk of Court allegedly possesses relating to the "securitization" of his case. Additionally, Neidinger filed two petitions for relief from the Court relating to his child support obligations in California. The Government filed a response, requesting the Court deny all motions and requests (ECF No. 31), and Neidinger replied (ECF No. 33).

Because the Court finds that Neidinger's dismissal motions lack any legal foundation for relief, the Court will deny the motions. Moreover, because Neidinger's requests for subpoenas do not pertain to evidence or information relevant to this trial, the

---

[1] The Court granted Neidinger's request to represent himself and appointed stand-by counsel to assist Neidinger with pretrial filings and during trial. (ECF No. 28.) Neidinger had expressed a desire for self-representation to allow him to file the motions addressed in this order, not because of any dissatisfaction or break down in communications with this appointed counsel. In fact, in his reply brief, Neidinger reiterated that: "the public defender assigned to me as stand-by counsel is as good as I could hope for, thank you very much." (ECF No. 33 at 1-2.)

Court will deny the requests. Finally, because the Court lacks jurisdiction to alter Neidinger's child support obligations, the Court will deny those petitions. The Court will explain its reasoning in turn.

## II. DISCUSSION

The Court will first address Neidinger's jurisdictional arguments, then his requests for information, and finally his child support arguments.

### A. Jurisdiction

Neidinger raises three jurisdictional arguments. First, he argues the Court has no personal jurisdictional over him because he has not consented to its jurisdiction and moves to dismiss his indictment under Federal Rule of Criminal Procedure 12(b)(2). (ECF No. 25 at 12-14 ("Personal Jurisdiction Petition").) Specifically, Neidinger argues that he has not consented to jurisdiction (*id.* at 12) and that because society has failed to fulfill its duties to him under natural law, there is no contract that permits the Court to exercise jurisdiction over him (*id.* at 14). The Court has routinely held that "'sovereign citizens,' like all citizens of the United States, are subject to the laws of the jurisdiction in which they reside." *Clarke v. Allen*, Case No. 3:17-cv-00582-MMD-WGC, 2020 WL 3510921, at *2 (D. Nev. Jun. 29, 2020) (quoting *Paul v. New York*, Case No. 13-CV-5047 (SJF)(AKT), 2013 WL 5973138, at *3 (E.D.N.Y. Nov. 5, 2013)). Because citizenship is conferred, not contracted, it cannot be lost absent "voluntary renunciation or abandonment by the citizen himself." *Afroyim v. Rusk*, 384 U.S. 253, 266 (1967).

Second, Neidinger argues the Court has no subject-matter jurisdiction over this case because it is a United States District Court, instead of a District Court of the United States. (ECF No. 25 at 15-21 ("Subject Matter Jurisdiction Petition").) But this distinction is meaningless, and others court which have considered the issue agree. *See United States v. Mooney*, Case No. 16-cv-2547 (SRN/LIB) 2017 WL 8219106, at 5 (D. Minn. Nov. 2, 2017); *Warfield v. Byron*, 137 F. App'x 651, 653-54 (5th Cir. 2005); *United States v. Barrett*, 108 F.3d 1380, at *2 (7th Cir. 1997) (unpublished decision); *Taylor v. Adduci*, Case No. 7:15-CV-1301-JHH-JHE, 2016 WL 3916101, at *1 (N.D. Ala. Jul. 20, 2016);

*United States v. Schooler*, Case No. 3:10-cv-2012 WL 2814322, at *1 (S.D. Ohio Jul. 10, 2012); *United States v. Kemp*, Case No. 1:07-cv-cr-00142, 2010 WL 2710518, at *3 (N.D. Ohio Jul. 7, 2010); *United States v. Fischer*, Case No. 05-50023, 2008 WL 660014, at *2-3 (E.D. Mich. Mar. 10, 2008). This court, a United States District Court, is a District Court of the United States for the purposes of federal subject matter jurisdiction as described in 18 U.S.C. § 3231.

Third, Neidinger argues the United States Attorney's Office does not have standing to bring this case because they represent the United States of America instead of the United States, and 28 U.S.C. § 547 only confers the authority on United States attorneys to prosecute "offenses against the United States," not offenses against the United States of America. (ECF No. 25 at 22-23 ("Standing Petition").) Again, this distinction has been rejected by federal courts that have considered it. *See United States v. Mooney*, 2017 WL 8219106, at *4 (D. Minn. Nov. 2, 2017); *United States v. Pflum*, Case No. 14-40062-01-DDC, 2016 WL 7242506, at *1-2 (D. Kan. Dec. 15, 2016). For the purposes of § 547 there is no difference between the United States and the United States of America.

Because Neidinger's jurisdictional arguments are meritless, the Court will deny these three motions.

**B.    Requests for Information**

Neidinger also requested information from the Court's personnel. First, Neidinger requests the Court issue subpoenas and the named persons provide information regarding their oaths of office. (ECF No. 25 at 24-31 ("Subpoenas").) Second, Neidinger asks for information regarding persons who may be financially profiting from his case, as he believes it either is currently or will be traded as a security on the financial markets. (*Id.* at 32-34.) Because the proposed subpoenas do not relate to any information relevant to his case, the Court will not issue them. Further, because the Court is not in possession of any information about his case being used as a security, the Court will deny that request.

///

### 1. Subpoenas

Neidinger has filed four proposed subpoenas, against United States Attorney Nicholas Trutanich, Assistant United States Attorney Randolph St. Clair, Judge Miranda M. Du., and "*et al.*" Neidinger's subpoenas request that the respective person "produce all appointment affidavits and oaths of office of all federal attorneys, justices, judges, magistrates, clerks, and deputy clerks taking part." (*Id.* at 24.)

"A defendant who is acting pro se must apply under Federal Rule of Criminal Procedure 17(b) for the issuance of subpoenas, whether for service within or outside of the District of Nevada." LCR 17-1(d). Federal Rule of Civil Procedure 17(b) permits the district court to issue a subpoena at an indigent defendant's request, and Rule 17(c) explains the process of complying with, quashing, or modifying a subpoena. Fed. R. Civ. P. 17(b)-(c). "In order to grant a pretrial subpoena in a criminal case, the court must be persuaded by the moving party: (1) that the documents are evidentiary and relevant; (2) that they are not otherwise procurable reasonably in advance of trial by exercise of due diligence; (3) that the party cannot properly prepare for trial without such production and inspection in advance of trial and that the failure to obtain such inspection may tend unreasonably to delay the trial; and (4) that the application is made in good faith and is not intended as a general 'fishing expedition.'" *United States v. Krane*, 625 F.3d 568, 574 (9th Cir. 2010) (quoting *United States v. Nixon*, 418 U.S. 483, 699-700 (1974).

Neidinger's proposed subpoenas are not relevant to his defense. The only prospective relevancy they could have would relate to his jurisdictional arguments, which the Court finds meritless. The Court further finds that nothing Neidinger describes in his request for subpoenas bears at all on his ability to prepare his defense for trial, and that even if the requests are subjectively made in good faith, the Court finds them objectively frivolous. For these reasons, the Court denies Neidinger's request for subpoenas to be issued.

///

///

## 2. Financial Information Petition

Neidinger states that it has come to his attention that his case "either has been or will be offered to the financial markets as part of a securitized document package." (ECF No. 25 at 32-54.) Accordingly, he requests the "[n]ame address and contact info of the assignee(s) securities were transacted with[;] (2) CUSIP number of either the instrument(s) being assigned or of the fund/instrument to which this case is being directed, if different than or in addition to the securities listed in the enclosed report[; and] (3) [l]ist of beneficiaries of the investment income for your agency/court 1099 tax reporting purposes." (*Id.*) He also attached a printout identifying a "Short-Term Fund" offered by an investment firm.

The Court has reviewed this information and finds Neidinger has not provided any evidence that this fund is related in any way to this case. Further, the Court confirmed with the Clerk of Court that no such information about his case exists; therefore, there is nothing to disclose. Accordingly, the request will be denied.

### C. Flaws with Indictment

Neidinger makes four arguments alleging defects in his prosecution that he claims merit dismissal. First, he argues that because there is no federal definition of identity, the indictment should be dismissed for lack of specificity under Federal Rule of Criminal Procedure 12(b)(3)(B)(iii). (ECF No. 25 at 35-36 ("Lack of Specificity Motion").) Second, Neidinger argues that this case should be dismissed for selective prosecution, largely because of arguments relating to his previous California state court family law case. (*Id.* at 44-51 ("Selective Prosecution Motion").) Third, Neidinger claims to be subject to an unconstitutional bill of attainder, seemingly because he has been ordered to pay child support. (*Id.* at 52-58 ("Bill of Attainder Motion").) And finally, Neidinger argues that flaws with the grand jury warrant dismissal because the grand jury should not have been secret and should have been comprised of other homeless individuals such as himself. (*Id.* at 59-62. ("Grand Jury Motion").) Because Neidinger has not demonstrated any of these arguments entitle him to relief, the Court will deny the motions.

### 1. Lack of Specificity

Neidinger argues that his prosecution is invalid because there is no federal definition of identity. (*Id.* at 35.) He further claims that he "never used any identity that was not given to [him]" and that if the Government cannot supply a definition of identity, he cannot be prosecuting for providing a statement that is false about his identity. (*Id.* at 36.) Neidinger requests dismissal under Federal Rule of Criminal Procedure 12(b)(3)(B)(iii).

As a preliminary matter, the statute under which Neidinger is charged does not speak to "identity" as such. *See* 18 U.S.C. § 1542. The statute criminalizes conduct when a person "willfully and knowingly makes any false statement in an application for passport." *Id.* The indictment itself charges that Neidinger "stated that his true name was William Joseph Beck III, his Social Security number was XXX-XX-1956, and he was born on November XX, 1695 in Arkansas, which statements he knew to be false." (ECF No. 1 at 2.) Neither the indictment nor the law itself references "identity," nor must the Government or the Court reach the question of Neidinger's "identity." Moreover, the Ninth Circuit has reasoned that "[t]his section was not enacted solely to criminalize the use of a false identity. Rather, '[t]he purpose of this act was to punish the use of passports obtained by false statements.'" *United States v. Suarez-Rosario*, 237 F.3d 1164, 1167 (9th Cir. 2001) (quoting *Browder v. United States*, 312 U.S. 335, 340 (1941).

Neidinger can attempt to show at trial that his statement was not "willfully or knowingly false" but that argument is of no consequence to the specificity of the indictment. Accordingly, the Court will deny this motion.

### 2. Selective Prosecution

Neidinger argues that this is an unlawful selective prosecution and the Court should dismiss his indictment under Federal Rule of Criminal Procedure 12(b)(3)(A)(iv). (ECF No. 25 at 44.) Neidinger references his divorce, custody, and child abduction dispute in California in 2001, alleging that "[t]he impetus for actions contested of this present case grew directly out of" those events. (*Id.* at 44-45.) Reasoning that in those

proceedings, there were "scores of false statements on government documents" and that "none punished, all rewarded," Neidinger argues this prosecution is selective and therefore malicious. (*Id.* at 47.)

"The Attorney General and United States Attorneys retain broad discretion to enforce the Nation's criminal laws." *United States v. Armstrong*, 517 U.S. 456, 164 (1996) (internal quotation and citations omitted). However, prosecutors are constrained by the equal protection clause of the Fifth Amendment, which prohibits prosecution based on "an unjustifiable standard such as race, religion, or other arbitrary classification." *Id.* (quoting *Oyler v. Boles*, 368 U.S. 448, 456 (1962)). To succeed on a selective prosecution challenge, a moving party must show (1) "[t]hat others are generally not prosecuted for the same conduct" and (2) "[t]he decision to prosecute this defendant was based upon impermissible grounds such as race, religion, or the exercise of constitutional rights." *United States v. Wilson*, 639 F.2d 500, 503 (9th Cir. 1981).

Neidinger has made no such showing. For one, his prior cases were charged in California state court, not by the United States Attorney's Office. Additionally, he makes no argument that his prosecution is based on an "impermissible ground" like race or religion. Whatever problems he may have had with the disposition of his earlier cases, he does not allege the requisite arguments nor provide the necessary proof to succeed on a selective prosecution claim here.

But Neidinger argues there is a second ground for dismissal under Rule 12(b)(3)(A)(iv) because he has effectively been subject to a bill of attainder. "A bill of attainder is a legislative act which inflicts punishment without a judicial trial." *Cummings v. State of Missouri*, 71 U.S. 277, 323 (1866). Neidinger seems to argue that his child support obligations have affected a "civil death" in which he has been totally disenfranchised and destroyed in any concept of civil life. (ECF No. 25 at 53.) He appears to connect his child support situation, which he describes as a bill of attainder, to the present prosecution by stating "If you order me to use a dead identity, I will do that—but

it also near totally shuts down all the contributions I could have made to society." (*Id.* at 56.)

Neidinger is obviously not subject to a bill of attainder in a literal sense—he was given process in his earlier proceedings which require him to pay child support, and has not been punished by legislation without a trial. Moreover, none of the arguments he makes in this motion amount to grounds to dismiss for improper prosecution under Rule 12(b)(3)(A). Considered most generously, Neidinger appears to be arguing that he had no choice but to attempt to acquire a passport with a different name on it. But this is not a defense to his prosecution, procedurally or on the merits. Accordingly, the Court denies the motion.

### 3.  Grand Jury Composition and Secrecy

Neidinger next argues his case should be dismissed per Rule 12(b)(3)(A)(v) because the grand jury was secret and was not comprised of his peers. (ECF No. 25 at 59.) Neidinger alleges the Constitution entitles him to his peers, and argues that he wants a jury comprised of "fellow long term homeless" people (*id.* at 60) because "they have experience the state of mind I had in the morning light filling out the paperwork in question" after surviving a Northern Nevada winter in a homeless shelter (*id.* at 61).

Although Neidinger brings this motion under the rule which allows pretrial motions for "an error in the grand-jury proceeding or preliminary hearing," he appears to be making a fair cross-section challenge. Fed. R. Crim P. 12(b)(3)(A)(v). The Fifth and Sixth Amendments guarantee criminal defendants the right to be indicted and tried by juries drawn from a fair cross-section of the community. However, Neidinger's argument that he is entitled to a grand jury comprised only of homeless individuals is legally infirm and unsupported by case law.

Neidinger also argues that the grand jury proceedings should not be secret. This area has been well-litigated and not in his favor. *See United States v. Proctor & Gamble Co.*, 356 U.S. 677, 681 (1958) ("The general rule of secrecy of grand jury proceedings is essential to its purpose."); *see also United States v. James*, Case No. 2:17-cr-00180-

8

JAD-PAL, 2018 WL 2122835 (D. Nev. May 4, 2018) (citing *Dennis v. United States*, 384 U.S. 855, 870 (1996) and *In re Grand Jury Investigation*, 642 F.2d 1184, 1191 (9th Cir. 1981)); *id.* ("Unsubstantiated speculative assertions of improprieties do not supply the particular need required to outweigh the policy of grand jury secrecy.") (citing *United States v. Walczak*, 783 F.2d 852, 857 (9th Cir. 1986) and *United States v. Ferreboeuf*, 632 F.2d 832, 835 (9th Cir. 1980)).

Neidinger has made no showing of particularized need for his grand jury proceedings to be made not secret, only generalized assertions that he otherwise would not have been charged. Accordingly, the Court will deny the motion.

### D. Child Support Arguments

In addition to his pretrial motions for dismissal under Rule 12, Neidinger includes two motions requesting relief regarding his child support payments. These motions are tangentially related to the instant proceedings at best. The Court lacks jurisdiction over these issues and will therefore deny Neidinger's requests.

Neidinger requests the Court issue a temporary restraining order staying his child-support payments in Yolo County, pending a hearing. (ECF No. 25 at 63-65.) He obliquely claims the Court has jurisdiction to issue injunctive relief under the Uniform Child Custody Jurisdiction and Enforcement Act ("UCCJEA"), which permits courts who would not ordinarily have jurisdiction to hear family law matters upon a showing of emergency. He does not specify on what ground the Court should interfere with Yolo County's child support order.

This motion has no bearing on the instant case. But even if the Court could exercise jurisdiction under the UCCJEA, which is doubtful since there is no emergency, it declines to do so for reasons of interstate comity. The Court lacks jurisdiction to modify a state court's child custody or support order absent a showing of an emergency that would warrant out of state (and federal) intervention.

Neidinger also appears to request that the government repudiate the debts he has accrued since the original child support order was entered. (*Id.* at 66-75.) In general,

Neidinger's theory is that the continued garnishment of his wages is not theft from him, but a scheme to defraud the federal government. He does not explain this alleged fraudulent scheme, but rather gives an extended metaphor of himself as a serf-famer who is unable to generate any wealth. He alludes to "any and all applicable statutes against defrauding the Federal government, and RICO," but does not explain further. The Court denies this motion because its reasoning is incoherent, the Court cannot grant the requested relief, and Neidinger has not raised any claim over which the Court could exercise jurisdiction.

### III.   CONCLUSION

The Court notes that Neidinger made several arguments not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the motions before the Court.

It is therefore ordered that Neidinger's pretrial motions and requests (ECF No. 25) are denied as explained above.

DATED THIS 2nd Day of April 2021.

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE