UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br>v.<br><br>WILLIAM PHILLIP NEIDINGER, a/k/a WILLIAM JOSEPH BECK, III,<br><br>Defendant. | Case No. 3:20-cr-00009-HDM-CLB<br><br>ORDER |

Before the court is the defendant's "Petition for Reconsideration of Retrial as Second Jeopardy" (ECF No. 75). The government has opposed (ECF No. 77), and the defendant has replied (ECF No. 79).

On April 22, 2021, the court declared a mistrial after the jury advised that it was hopelessly deadlocked. Retrial was set for September 20, 2021. The defendant now moves to preclude retrial and dismiss this action on Double Jeopardy grounds.

Double jeopardy does not bar a second trial where a mistrial was declared on the basis of "manifest necessity." *United States v. Perez*, 22 U.S. 579, 580 (1824); *Logan v. United States*, 144 U.S. 263, 297-98 (1892), *abrogated on other grounds by Witherspoon v. State of Ill.*, 391 U.S. 510 (1968). "Jury deadlock is a classic example of manifest necessity for a mistrial." *Rogers v. United States*, 609 F.2d 1315, 1317 (9th Cir. 1979). "[W]hether the

1

discharge of the jury [is] manifestly necessary in order to prevent a defeat of the ends of public justice . . . [is] a question to be finally decided by the presiding judge in the sound exercise of his discretion." *Logan*, 144 U.S. at 298. The "trial judge's decision to declare a mistrial when he considers the jury deadlocked is ... accorded great deference by a reviewing court.'" *Renico v. Lett*, 559 U.S. 766, 774 (2010).

In the Ninth Circuit, trial courts are to consider the following factors in deciding whether a jury deadlock amounts to manifest necessity for a mistrial: (1) the jury's collective opinion that it cannot agree; (2) the length of the trial and complexity of the issues; (3) the length of time the jury has deliberated; (4) whether the defendant has made a timely objection to the mistrial; and (5) the effects of exhaustion or coercion on the jury. *Rogers v. United States*, 609 F.2d 1315, 1317 (9th Cir. 1979). "The crucial factor is the jury's statement that it cannot agree." *Id.* "Therefore, the "judge should question the jury in such circumstances, either individually or through its foreman, on the possibility that its current deadlock could be overcome by further deliberations." *Id.*

Here, trial proceedings following jury selection ran just over a day. The jury deliberated for about four-and-a-half hours before sending its first note indicating it could not reach a verdict. Before bringing the jury in, the court discussed the note with the parties. The defendant opposed the giving of an *Allen* charge and favored immediate declaration of a mistrial; the government asked for an *Allen* charge. Ultimately, the court gave the *Allen* charge and asked the jury to continue their

2

deliberations. After two-and-a-half hours of continued deliberations, the jury returned a second note stating that a unanimous verdict could not be reached. The court in response asked both the jury foreman and each individual juror whether they believed continued deliberations could result in a verdict. All confirmed that they did not believe a verdict could be reached. As the jury was hopelessly deadlocked, the court declared a mistrial.

The critical factor – the jury's own words that it could not reach a verdict – is met here. The jury advised the court twice that it could not reach a verdict and each individual juror confirmed as much. While the jury deliberated for just under eight hours, the trial was only a few hours longer than that, and the case was not complicated. There is no indication that the jury was affected by exhaustion or coercion. Finally, the defendant did not make a timely objection to the mistrial. At no time did the defendant object to the court declaring a mistrial prior to the filing of the instant motion. Double Jeopardy does not therefore preclude retrial of the defendant, and none of the defendant's arguments to the contrary persuades the court otherwise.

Accordingly, the defendant's motion for reconsideration of retrial (ECF No. 75) is DENIED.

IT IS SO ORDERED.

DATED: This 20th day of May, 2021.

_Howard D. McKibben_
UNITED STATES DISTRICT JUDGE